## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. _____ |
| for the Use of SOUTHERN SPEAR | ) | |
| IRONWORKS, LLC | ) | |
| A Tennessee Limited Liability Co. | ) | JUDGE: _____ |
| c/o InCorp Services, Inc. | ) | |
| 9435 Waterstone Boulevard, Suite 140 | ) | |
| Cincinnati, OH 45249 | ) | **COMPLAINT** |
| | ) | |
| and | ) | **Jury Demand Endorsed Hereon** |
| | ) | |
| SOUTHERN SPEAR IRONWORKS, LLC | ) | |
| A Tennessee Limited Liability Co. | ) | |
| c/o InCorp Services, Inc. | ) | |
| 9435 Waterstone Boulevard, Suite 140 | ) | |
| Cincinnati, OH 45249 | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AUSTIN BUILDING AND DESIGN, | ) | |
| INC. d/b/a THE AUSTIN COMPANY | ) | |
| | ) | |
|   Serve: Austin Building and Design, | ) | |
|         Inc. d/b/a The Austin Company | ) | |
|         c/o CT Corporation System | ) | |
|         4400 Easton Commons Way | ) | |
|         Suite 125 | ) | |
|         Columbus, Ohio 43219 | ) | |
| | ) | |
|   Serve Austin Building and Design, | ) | |
|   Also: Inc. d/b/a The Austin Company | ) | |
|         6095 Parkland Blvd. | ) | |
|         Cleveland, Ohio 44124 | ) | |
| | ) | |
| and | ) | |
| | ) | |

| | |
|---|---|
| AMERICAN HOME ASSURANCE COMPANY | ) ) ) |
|     Serve:  American Home Assurance<br>             Company<br>             1271 Avenue of the Americas<br>             35th Floor<br>             New York, NY 10020-1304 | ) ) ) ) ) ) |
|   Serve    American Home Assurance<br>  Also:    Company<br>             175 Water Street<br>             New York, NY 10038 | ) ) ) ) ) |
| and | ) ) |
| LIBERTY MUTUAL GROUP, INC. | ) ) |
|     Serve:  Liberty Mutual Group, Inc.<br>             c/o Corporation Service<br>             Company<br>             3366 Riverside Drive, Suite 103<br>             Upper Arlington<br>             Columbus, Ohio 43219 | ) ) ) ) ) ) ) |
|   Serve    Liberty Mutual Group, Inc.<br>  Also:    175 Berkeley Street<br>            Boston, MA 02116 | ) ) ) ) |
| and | ) ) |
| LIBERTY MUTUAL INSURANCE COMPANY | ) ) ) |
|     Serve:  Liberty Mutual Insurance<br>             Company<br>             175 Berkeley Street<br>             Boston, MA 02116 | ) ) ) ) ) |
| and | ) ) |
| FIDELITY AND DEPOSIT COMPANY OF MARYLAND | ) ) ) |
|     Serve:  Fidelity and Deposit Company<br>            of Maryland | ) ) |

|  |  |
|---|---|
| 1299 Zurich Way, 5th Floor | ) |
| Schaumburg, IL 60196 - 1056 | ) |
|  | ) |
| Defendants. | ) |
|  | ) |
|  | ) |

NOW COMES the United States of America for the use and benefit of Southern Spear Ironworks, LLC ("Southern Spear"), by and through the undersigned counsel, and against Defendants Austin Building & Design, Inc. d/b/a The Austin Company ("Austin"), American Home Assurance Company ("American Home"), Liberty Mutual Group, Inc. ("Liberty Mutual Group"), Liberty Mutual Insurance Company ("Liberty Mutual Insurance"), and Fidelity and Deposit Company of Maryland ("Fidelity"), and hereby states as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over this matter pursuant to 40 U.S.C. §3133 (the "Miller Act") and 28 U.S.C. §1331. This Court also has original jurisdiction over this matter pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds the sum of $75,000.00 (exclusive of interest and costs) and complete diversity of citizenship exists among the parties. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

2. Venue is proper pursuant to 28 U.S.C. §1391 and 40 U.S.C. §3133 because the contract giving rise to the Miller Act claim was to be performed within this district.

## PARTIES

3. Plaintiff, Southern Spear Ironworks, LLC ("Southern Spear"), is a corporation organized and existing under the laws of the State of Tennessee with its principal place of business located at 55 Workman Rd., Chattanooga, TN.

4. Plaintiff, the Unites States of America ("United States"), has been named in this matter for the use of Southern Spear under the Miller Act, 40 U.S.C. §3133(b)(3)(A).

3

5. Defendant, Austin Building and Design, Inc. d/b/a The Austin Company ("Austin"), the Prime Contractor, is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 6095 Parkland Blvd. #100, Cleveland, OH 44124.

6. Defendant, American Home Assurance Company ("American Home"), surety, is a New York Property & Casualty Company with its principal place of business located at 1271 Avenue of the Americas, 35th Floor, New York, NY 10020-1304.

7. Defendant, Liberty Mutual Group Inc. ("Liberty Mutual Group"), surety, is a Massachusetts corporation with its principal place of business located at 175 Berkeley Street, Boston, MA 02117.

8. Defendant, Liberty Mutual Insurance Company ("Liberty Mutual Insurance"), surety, is a Property & Casualty Company with its principal place of business located at 175 Berkeley Street, Boston, MA 02117.

9. Defendant, Fidelity and Deposit Company of Maryland ("Fidelity"), surety, is an Illinois Property and Casualty Domestic Stock Company with its principal place of business located at 1299 Zurich Way, Schaumburg, IL 60196-1056.

**FACTUAL BACKGROUND**

10. The United States of America, acting through the National Aeronautics and Space Administration ("NASA"), and Defendant Austin entered into a written contract (the "Principal Contract") for work to be performed at the NASA Aerospace Communications Facility (ACF) Building 330 located in Cleveland, Ohio (the "Project"), Contract Number 80GRC020C0008.

11. In accordance with 40 U.S.C. § 3131(b)(2), Austin, as Principal, and defendants, Liberty Mutual Group, Liberty Mutual Insurance, American Home, and Fidelity (collectively the "Sureties") executed a standard government Payment Bond (the "Bond", attached hereto as **Exhibit 1**) to the United States of America, believed to be Bond No. 016225448.

12. Pursuant to the Obligation of the Bond, Austin, as Principal, and the Sureties bound themselves jointly and severally in the penal sum of thirty-three million, eight hundred nineteen thousand, fifty-five dollars ($33,819,055.00).

13. Pursuant to the Conditions of the Bond, the Obligation is void if the Principal promptly makes payment to all persons including subcontractors who supplied labor, material, or both in the prosecution of the work provided in the principal contract.

14. The bond was duly accepted by the United States and, on such acceptance, the contract for the construction and completion of the Aerospace Communications Facility Building 330 project was awarded to Austin.

15. On or around February 12, 2020, Southern Spear entered into Contract # 19347-05-01 (the "Subcontract" *attached hereto* as **Exhibit 2**) with Austin to furnish and install structural and miscellaneous steel in support of Austin's Principal Contract for the Aerospace Communications Facility Project Building 330 at the NASA Glenn Research Center.

16. The original Subcontract Sum is one million, one hundred seventy-eight thousand, five hundred seventy-seven dollars ($1,178,577.00), plus additional amounts for Austin-related change orders, government-related change orders, and Southern Spear proposed change orders, including requests for equitable adjustment (REA's).

17. The Subcontract included Commitment Change Orders #001 through #007, *attached hereto* as **Exhibit 3**.

18. Southern Spear submitted Applications and Certification for Payment for which Southern Spear has no received payment, including, but not limited to, the following:

    a. Application 10 in the amount of $95,247.90;

    b. Application 11 in the amount of $113,194.32;

    c.   Application 12 in the amount of $19,929.10; and

    d.   Application 13 in the amount of $37,530.00.

The Applications are *attached hereto* as **Exhibit 4**.

19. Upon information and belief, Austin received payment for REA's and/or Potential Change Orders related to the COVID-19 pandemic for which Austin has been paid by NASA, but failed to remit payment to Southern Spear. The COVID-related REA's and Potential Change Orders are *attached hereto* as **Exhibit 5**.

20. Upon information and belief, Austin received payment for other Potential Change Orders for which Austin has been paid by NASA, but failed to remit payment to Southern Spear. Prime Contract Change Orders # 10 through #17 are *attached hereto* as **Exhibit 6**.

21. Austin has failed to pay retainage to Southern Spear in the amount of one hundred twenty-two thousand, two hundred thirty-five dollars and thirty-nine cents ($122, 235.39).

22. Southern Spear fully performed its obligations under the Subcontract, all change orders, and REA's.

23. In performance of the Subcontract, Southern Spear incurred extra costs and performed additional work at the direction and approval of Austin, which was not contemplated by the contracting parties at the time they entered into the Subcontract, including correcting faulty and hazardous conditions created by other subcontractors.

24. On or around August 25, 2021, Austin attempted to terminate the Subcontract by sending a Notice of Termination, without providing cause, written and/or verbal notice, or an opportunity to cure as required by the Subcontract and the Federal Acquisition Regulations (FAR's).

25. On or around August 25, 2021, Southern Spear objected to the Notice of Termination and continued to furnish and install structural and miscellaneous steel pursuant to the Subcontract, with the knowledge and consent of Austin.

26. From approximately May 1, 2021, to December 6, 2021, Southern Spear furnished and installed structural and miscellaneous steel pursuant to the Subcontract, for which it has not been paid.

27. Upon information and belief, Austin received amounts from NASA pursuant to REA's submitted by Southern Spear, and failed to remit those sums to Southern Spear in a timely manner.

28. Austin has failed and neglected to pay Southern Spear the outstanding sum of two million, twenty-five thousand, three hundred ninety-two dollars and six cents ($2,025,392.06) in accordance with Austin's Subcontract, approved and potential change orders, REA's, and Applications for Certification of Payment and Contract Invoices plus retainage.

29. Southern Spear further claims that Austin has failed and neglected to pay Southern Spear in accordance with the terms of the Subcontract in that Austin did not always pay Southern Spear in direct relation to the payment made to Austin by the United States – by and through NASA – as required by the Subcontract, change orders, potential change orders, and REA's. Southern Spear has, therefore, been damaged at least in the amount of the market rate of interest on the monies wrongfully withheld for the length of time the monies were and/or have been wrongfully withheld, the exact amount of such damages to be proved on the trial of this cause.

## CLAIMS FOR RELIEF

### COUNT I
### (Miller Act Claim on Payment Bond)

30. Plaintiff incorporates all of the foregoing allegations as if fully rewritten herein.

31. The United States of America brings this claim for the use and benefit of Southern Spear in accordance with 40 U.S.C. §3133.

32. Southern Spear has supplied labor and materials in connection with the Project – which were accepted and incorporated into the Project without objection by NASA – for which Southern Spear has not been paid in full.

33. On December 6, 2021, Southern Spear performed the last of the work and/or furnished the last of the materials for which this claim is made and Southern Spear timely notified Austin, American Home, Liberty, and Fidelity of its claim in accordance with 40 U.S.C. §3133.

34. More than ninety (90) days have expired since Southern Spear last performed such work in connection with the Principal Contract and Subcontract for which this specific combined claim is made against defendant Austin. Southern Spear has complied with all rules and requirements of the Miller Act for perfecting a right of action under the above-described bond. All conditions precedent to the making of this claim have been performed or have occurred.

35. One (1) year has not elapsed from the date on which the last work was performed and/or materials supplied by Southern Spear for Austin on the above-described government construction project.

36. Although due demand has been made on Austin, Liberty Mutual Group, Liberty Mutual Insurance, American Home, and Fidelity, no part of the sum owed to Southern Spear, or any interest on such sum, has been paid to Southern Spear.

37. Southern Spear has employed the undersigned attorneys to enforce payment of this contract and is entitled, pursuant to the terms of the Subcontract, to recover from Austin, Liberty Mutual Group, Liberty Mutual Insurance, American Home, and Fidelity, jointly and severally, an amount as reasonable attorney's fees.

38. As a result, Southern Spear is entitled to recover from Austin and the Sureties an amount in excess of two million, twenty-five thousand, three hundred ninety-two dollars and six cents ($2,025,392.06) pursuant to the terms of the Payment Bond and the Miller Act.

## COUNT II
### (Breach of Contract)

39. Plaintiffs incorporate all of the foregoing allegations as if fully rewritten herein.

40. Austin breached the NASA Subcontract by, among other things, failing to timely process, approve and pay change orders and payment applications.

41. Austin further breached the NASA Subcontract by failing to timely pay to Southern Spear the unpaid balance due under the terms of the NASA Subcontract, change orders, proposed change orders, and REA's, plus retainage.

42. Southern Spear has performed all material terms of the NASA Subcontract.

43. As a direct and proximate result of Austin's breaches of the Subcontract, Southern Spear has been damaged in an amount which it shall prove at trial, but which is currently in excess of two million, twenty-five thousand, three hundred ninety-two dollars and six cents ($2,025,392.06).

## COUNT III
### (Prompt Pay Act)

44. Plaintiffs incorporate all of the foregoing allegations as if fully rewritten herein.

45. At various times throughout the project, Southern Spear submitted to Austin requests for payment, change orders, proposed change orders, and/or REA's within sufficient time for Austin to include such requests in its requests for payment.

46. Upon information and belief, Austin has been paid in full or in part by other parties for the construction labor, materials and services provided by Southern Spear.

47. Austin has violated the Ohio Prompt Pay Act by not timely paying Southern Spear.

48. In accordance with Ohio Revised Code §4113.61, Southern Spear is entitled to recover from Austin, an amount in excess of two million, twenty-five thousand, three hundred ninety-two dollars and six cents ($2,025,392.06), plus interest at the rate of 18% per annum, plus its attorneys' fees and court costs.

## COUNT IV
### (Unjust Enrichment)

49. Plaintiffs incorporate all of the foregoing allegations as if fully rewritten herein.

50. By furnishing labor and material in connection with the Project which Austin was otherwise obligated to furnish, Southern Spear conferred a benefit upon Austin.

51. The value of the benefit conferred by Southern Spear to Austin for which it has not been compensated is in excess of two million, twenty-five thousand, three hundred ninety-two dollars and six cents ($2,025,392.06).

52. Retention by Austin of the benefit conferred by Southern Spear without payment for same would, under the circumstances, be unjust.

53. Southern Spear is entitled to recover damages in excess of two million, twenty-five thousand, three hundred ninety-two dollars and six cents ($2,025,392.06).

## COUNT V
### (Defamation and Intentional Interference)

54. Plaintiffs incorporate all of the foregoing allegations as if fully rewritten herein.

55. Austin terminated Southern Spear from the Subcontract without cause, notice, or an opportunity to cure in violation of the Principal Contract, Subcontract, and the Federal Acquisition Regulations (FAR's).

56. In so doing, Austin has defamed Southern Spear by issuing statements that reflect upon Southern Spear in a manner that affects Southern Spear injuriously in its trade or profession by making it difficult to obtain federal or state governmental contracts in the future.

57. Austin also knowingly, intentionally, and without privilege or justification, interfered with Southern Spear's business relationships with federal and state governments and prime contractors of those governments, preventing Southern Spear from working on government contracts in the future.

58. Southern Spear has been damaged in an amount to be determined at trial, but known to be in excess of two million, twenty-five thousand, three hundred ninety-two dollars and six cents ($2,025,392.06).

WHEREFORE, Plaintiffs the United States and Southern Spear demand Judgment against Defendants as follows:

I. Against Defendants Austin, Liberty Mutual Group, Liberty Mutual Insurance, American Home, and Fidelity, jointly and severally, for such compensatory damages as Southern Spear shall prove at trial, which damages are currently in excess of two million, twenty-five thousand, three hundred ninety-two dollars and six cents ($2,025,392.06), plus interest calculated at the maximum rate permitted by law, its attorney's fees and costs of suit;

II. Against Defendant Austin, for such compensatory damages as it proves at trial, which damages are currently in excess of two million, twenty-five thousand, three hundred ninety-two dollars and six cents ($2,025,392.06), plus interest calculated at the rate of 18% per annum, punitive damages, its attorney's fees and cost of suit; and

III. For such other relief favorable to Southern Spear as this Court shall deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Nick A. Nykulak*
Nick A. Nykulak (0075961)
Sean S. Kelly (0075442)
Ross, Brittain & Schonberg Co., L.P.A.
6480 Rockside Woods Blvd. South – Suite 350
Cleveland, Ohio 44131-2547
Tel: 216-447-1551 / Fax: 216-447-1554
nickn@rbslaw.com
skelly@rbslaw.com

*Counsel for Plaintiffs, The United States of America for the Use of Southern Spear Ironworks, LLC and Southern Spear Ironworks, LLC*